IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ERIC J. GRAVES, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 1:11-0015 |
| ) | |
| vs. ) | Judge Haynes |
| ) | JURY DEMAND |
| STATE INDUSTRIES, INC. D/B/A APCOM ) | |
| and A.O. SMITH, INC. ) | |
| ) | |
| Defendants. ) | |

## INITIAL CASE MANAGEMENT ORDER

In accordance with Local Rule 16.01(d)(2), the parties submit this Initial Case Management Order.

**I.  JURISDICTION AND VENUE:**

The Court has jurisdiction of this case pursuant 28 U.S.C. §1331. Venue was filed in the Nashville Division, but it is proper in the Middle District.

**II.  PARTIES' THEORIES OF THE CASE:**

**A.  Plaintiff's Theory of the Case:**

Plaintiff alleges violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA"), Tennessee Public Protection Act, T.C.A. § 50-1-304 ("TPPA), the Tennessee Disability Act, T.C.A. § 8-50-103 ("TDA"), the Americans with Disabilities Act 42 U.S.C. §§ 12101 et. seq. ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA") and Tennessee common law. In particular, Plaintiff was discriminated against in the terms and conditions of his employment on the basis of his disability or perceived disability. Additionally, after returning from FMLA

time, Plaintiff's was terminated.

As a result of the violations of the TPPA, TDA, FMLA, and ADA, Plaintiff is entitled to recover back pay and front pay, compensatory and punitive damages, pre-judgment and/or post judgment interest, as well as a reasonable award of attorneys' fees and costs and any other legal and equitable relief to which he may be entitled. As a result of the violations of the FMLA, Plaintiff is entitled to recover unpaid wages, back pay and front pay, compensatory and liquidated damages, pre-judgment and/or post judgment interest, as well as a mandatory award of attorneys' fees and costs and any other legal and equitable relief to which he may be entitled.

**B.  Defendant's Theory of the Case:**

Plaintiff Eric Graves was terminated from his employment with Defendant for carelessness and failure to follow instructions, both of which are legitimate nondiscriminatory and nonretaliatory reasons for his termination. Plaintiff's termination was unrelated to his use of FMLA leave, any alleged disability or perceived disability, or any complaints that he allegedly made to Defendant. Plaintiff was not disabled within the meaning of the Americans with Disabilities Act or the Tennessee Handicap Act..

**III.  SCHEDULE OF PRETRIAL PROCEEDINGS**

    A.    <u>Rule 26(a)(1) Initial Disclosures</u>

The parties shall make their Rule 26(a)(1)(A) through (E) disclosures on or before on or before fifteen (15) days after the case management conference.

    B.    <u>Meeting of Counsel and Parties to Discuss Settlement Prospects</u>

On or before August 5, 2011, counsel and clients are required to have a face-to-face meeting to discuss whether this case can be resolved without further discovery proceedings. If a party, other than a natural person, is involved in this litigation, a

representative who has the authority to settle shall attend this meeting on behalf of that party. After the meeting is conducted, counsel shall prepare a report and file it with the Court reflecting that the parties met and that the parties made a good faith effort to evaluate the resolution of this case. This report should also include whether the parties believed that one of the Alternative Dispute Resolution ("ADR") procedures under the Local Rules would further assist the parties in resolving this matter.

C.   Other Pretrial Discovery Matters

The Parties anticipate the case will be ready for jury trial by August 6, 2012 and anticipate it will last three (3) days. If this action is to be settled, the Law Clerk shall be notified by noon on August 3, 2012. If the settlement is reached thereafter resulting in the non-utilization of jurors, the costs of summoning jurors may be taxed to the parties dependent on the circumstances.

A pretrial conference shall be held on July 23, 2012 at 3:00pm. A proposed pretrial order shall be submitted at the pretrial conference.

All discovery will be completed by January 30, 2012. All written discovery shall be submitted in sufficient time so that the response shall be in hand by January 30, 2012. All discovery related statements shall be submitted in sufficient time so that the response shall be in hand by February 29, 2012. No motions related to discovery or for a protective order shall be filed until a discovery/protective order dispute conference has taken place and the attorneys of records shall attend and meet, face-to-face, in an effort to resolve the dispute and a jointly signed discovery/protective order dispute statement is submitted setting forth precisely the remaining issues in dispute and the reasons why those issues remain unresolved.

All dispositive motions and Daubert motions shall be filed by March 8, 2012, and

any responses thereto shall be filed in thirty (30) days. Any replies shall be filed by in fifteen (15) days.[1]

Any motion to amend the pleadings or join parties shall be filed in sufficient time to permit any discovery necessary because of the proposed amendment to be obtained within the time for discovery. No amendment will be allowed if to do so will result in a delay in the disposition of the action by requiring an extension of the discovery deadline. The deadline for moving to amend the pleadings is October 31, 2011.

There shall be no stay of discovery pending disposition of any motions.

Interrogatories pursuant to Rule 33, Federal Rules of Civil Procedure, shall be limited to sixty (60) such interrogatories. Subparts of a question shall be counted as additional questions for purposes of the overall number. In all other respects, Rule 33.01, Local Rules of the Court shall govern.

By October 31, 2011, the plaintiff shall declare to the defendant (not to file with the Court) the identity of his expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

By November 30, 2011, the defendant shall declare to the plaintiff (not to file with the Court) the identity of its expert witnesses and provide all the information specified in Rule 26(a)(2)(B).

Any supplements to expert reports shall be filed by January 30, 2012. There shall not be any rebuttal expert witnesses.

To reduce the needless expenditure of time and expense, there shall not be any discovery depositions taken of expert witnesses. A party may, however, serve contention interrogatories and requests for admissions and production upon another party's expert.

---

[1] Strict compliance is required to Rule 56.01, Local Rules of Court, relating to motions for summary judgment.

If these discovery methods prove ineffective, a party may move to take the deposition of the expert. In a diversity action, a treating physician is considered a fact witness unless the physician expresses opinions beyond the physician's actual treatment of the party.

The expert witness report required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, is considered to be the direct examination testimony at trial. If an expert expects to expound his or her testimony beyond the wording of the expert's report, the party calling the expert shall inform the opposing party with the specifics of that expounding testimony at least 15 days prior to the dispositive motion deadline.

These rules on experts are to ensure full compliance with Rule 26(a)(2); to enable the parties to evaluate any Daubert challenges prior to filing dispositive motions; to avoid conflicts with experts' schedules; and to avoid the costs of expert depositions.

Local Rule 39 (c)(6)( c) relating to expert witnesses shall apply in this action, and strict compliance is required.

## IV. OTHER AGREEMENTS REACHED BY THE PARTIES:

A. <u>Third Party Subpoenas (Disputed)</u>

Plaintiff Proposes:

The Parties anticipate third-party discovery pursuant to Fed. R. Civ. P. 45. The Parties agree to provide each other at least three (3) business days advance notice prior to issuance of a subpoena.

Defendant does not agree to this provision and does not see the need for it.

*[Handwritten annotation: Plaintiff's request DENIED, without prejudice to provide a justification for this request.]*

B. <u>Electronic Discovery</u>

The parties agree to abide by Administrative Order No. 174. To the extent necessary, the Parties may enter into a separate agreement concerning the procedures to be followed with regard to searching for and producing Electronically Stored Information

("ESI").

C.  <u>Electronic Service</u>

Counsel for the parties agree to service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies.

*It is so ORDERED* [signature] USMJ 6-8-11

Respectfully submitted,

/s Heather M. Collins
Heather Moore Collins (#26099)
2002 Richard Jones Road, Suite B-200
Nashville, Tennessee 37215
(615)724-1996
(615)691-7019 (FACSIMILE)
heather@hmcollinslaw.com

*Attorney for Plaintiff*

/s/ Ben H. Bodzy
Charles K. Grant BPR No. 17081
Ben H. Bodzy BPR No. 23517
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC
Baker Donelson Center
211 Commerce Street, Suite 800
Nashville, TN 37201
Telephone: (615) 726-5600
Facsimile: (615) 726-0464
E-Mail: cgrant@bakerdonelson.com
E-Mail: bbodzy@bakerdonelson.com

*Attorney for Defendant*